IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Frank X. KINAST, Attorney at Law.

BOARD OF ATTORNEYS PROFESSIONAL RESPONSIBILITY, Complainant,

v.

Frank X. KINAST, Respondent.

Supreme Court

*No. 98–0122–D. Filed October 22, 1999.*

(Also reported in 600 N.W.2d 912.)

190

¶ 1.  PER CURIAM.  We review the recommendation of the referee that this disciplinary proceeding against Attorney Frank X. Kinast be dismissed for reason of the failure of the Board of Attorneys Professional Responsibility (Board) to meet its burden of proof to establish that Attorney Kinast engaged in professional misconduct by charging a divorce client an excessive fee.  The Board did not appeal the referee's recommendation.

¶ 2.  We determine that dismissal of this proceeding is appropriate.  Owing to the passage of time between the client's representation and the time of the hearing in the instant proceeding, the recollections of Attorney Kinast and of the client differed on key issues.  Also, over that period of time, the substantive law regarding that representation and the applicable attorney professional conduct rules changed, and new methods of law office management and legal research had been developed. Accordingly, the referee properly concluded that the Board did not establish by clear and satisfactory evidence that Attorney Kinast violated applicable professional conduct rules in respect to his fee agreement with the client or in charging the fee.

¶ 3.  Attorney Kinast was licensed to practice law in Wisconsin in 1947 and practices in Beloit. He has been disciplined for professional misconduct on three prior occasions, once for charging a clearly excessive fee for representing a client in a divorce proceeding.

¶ 4.  The referee in the instant proceeding, Attorney Cheryl Rosen Weston, made findings of fact following a lengthy disciplinary hearing concerning

Attorney Kinast's representation of a divorce client in a matter that began in 1977 and continued several years thereafter. He and the client did not enter into a written fee agreement for his services, but at the time he was engaged, the attorney professional conduct rules did not require a written fee agreement. The parties gave conflicting testimony concerning the fee Attorney Kinast established at the commencement of the representation. Their testimony also differed in respect to the day on which that representation began.

¶ 5. Attorney Kinast's representation of the client was extensive and included actions in Illinois and Wisconsin courts and sixteen days of trial and more than thirty appearances in the Wisconsin circuit court between 1977 and the spring of 1980. Appeals, petitions for review, and further proceedings followed through 1984.

¶ 6. After the client made payments on the bill between 1981 and 1991, Attorney Kinast brought a collection action against the client in 1993 for the unpaid balance, and the client counterclaimed. The matter resulted in a jury determination of the reasonable amount of fees for all of the services Attorney Kinast had rendered to the client, and Attorney Kinast repaid the client the excess amount of fees that had been paid. The fee determined by the jury was within the range of reasonable fee to which two expert witnesses called by the Board in the disciplinary proceeding testified.

¶ 7. The referee found that the client was completely satisfied with the quality of services Attorney Kinast had rendered, as well as with the result obtained in the divorce proceeding. In addition, the client was not required to make any payment for Attorney Kinast's services throughout years of

representation and then made payments over a 10-year span without paying any interest on the unpaid balance of the fee. While noting a "disturbing disparity" between Attorney Kinast's fees and the fees charged by the adverse party's lawyers, the referee was unable to determine that Attorney Kinast's fee was excessive. The referee found equally credible the testimony of the Board's expert witnesses and that of the expert who testified that Attorney Kinast in fact spent the time set forth in his billing statement and that the resulting fee was reasonable.

¶ 8.   We adopt the referee's findings of fact and conclusion that the Board failed to establish by clear and satisfactory evidence that the services Attorney Kinast claimed to have provided the client had not been provided, that his services did not bring about the result obtained for the client, or that the fee he charged for those services was excessive.

¶ 9.   IT IS ORDERED that the disciplinary proceeding is dismissed.